UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MARCOS PEREZ,                                        :        Civil Action No.
                                                     :
                                                     :
                        Plaintiff,                   :        **COMPLAINT**
                                                     :
        - against –                                  :        **JURY TRIAL DEMANDED**
                                                     :
                                                     :
                                                     :
                                                     :
7-ELEVEN, INC,                                       :
                                                     :
                        Defendant.                   :
                                                     :
:----------------------------------------------------------------------x

Plaintiff MARCOS PEREZ ("Mr. Perez"), by and through his attorneys, New York Legal

Assistance Group, alleges against Defendant 7-ELEVEN, INC. ("7-Eleven" or "Defendant") as

follows:

## PRELIMINARY STATEMENT

1. Mr. Perez, a male who suffers from herniated discs in his back, brings this

action based on 7-Eleven's  denial of his request for a reasonable accommodation for his

disability and retaliatory actions of writing him up for eating a piece of expired pizza—

a common employee practice that was condoned—and terminating his employment, in

violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA") and

the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.* (the "NYSHRL").

Defendant's discriminatory termination of Mr. Perez based on his disability or perceived

disability has caused him to suffer severe financial and emotional harm.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to the ADA, 42 U.S.C. § 12101 *et seq.*

and 28 U.S.C. §§ 1331 (original federal question jurisdiction) and 1343. This court has supplemental jurisdiction over Mr. Perez's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this District as the Plaintiff Marcos Perez resides in Bronx, New York.

**MR. PEREZ HAS FULFILLED THE
ADMINISTRATIVE REQUIREMENTS
FOR HIS ADA CLAIM**

4. On or about December 19, 2017, Mr. Perez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC."), which was cross-filed with the New York State Division of Human Rights.  A copy of that charge is attached as Exhibit A.

5. On or about September 24, 2018, the EEOC issued Mr. Perez a Notice of Right to Sue and this Complaint was filed within ninety (90) days of receipt of such letter. A copy of Mr. Perez's Notice of Right to Sue is attached as Exhibit B.

**THE PARTIES**

6. Plaintiff Mr. Perez is a male who resides in Bronx, New York.

7. From early December 2017 to August 2018, Mr. Perez worked for Defendant at two different 7-Elevens in succession—first a store located at 136 Hempstead Turnpike, West Hempstead, New York 11552 and then 383 Hempstead Turnpike, West Hempstead, New York 11552.

8. At all relevant times herein, Mr. Perez worked for Defendant and was an "employee" within the meaning of the ADA and NYSHRL.

9. At all relevant times herein, Mr. Perez was an "individual" within the meaning of the ADA and NYSHRL.

10.     Defendant is a Texas corporation with its principal place of business located at 1722 Routh Street, Suite 1000, 1 Arts Plaza, Dallas, Texas 75201.

11.     Defendant owns, operates and franchises convenience stores on a nationwide basis. Upon information and belief, Defendant operates approximately forty-three (43) stores in the State of New York.

12.     At all relevant times herein, Defendant was an "employer" within the meaning of the ADA and NYSHRL.

13.     At all relevant times herein, Defendant employed more than fifteen (15) people and was "employer" within the definition of the ADA and NYSHRL.

## FACT ALLEGATIONS

14.     Beginning September 2016, Mr. Perez worked as a Sales Associate for a 7-Eleven leased by franchisee Luann Viglione.  Based on his good performance, Ms. Viglione transferred him to a second 7-Eleven she leased that was located at 136 Hempstead Turnpike, West Hempstead, New York.

15.     Upon information and belief, in or around December 2016, Ms. Viglione gave up her lease of the store that Mr. Perez worked and returned the store to 7-Eleven. In early December, Mr. Perez was rehired by 7-Eleven to continue working as a full-time Sales Associate at the same store.

16.     Mr. Perez's job required him to do many tasks, including but not limited to, taking care of customer transactions, operating the cash register, heating food, arranging the products, stocking and organizing the cooler, sweeping and mopping the entire store, making coffee, cleaning pots and appliances, scanning the contents of the Daily Fresh Food Delivery that arrived each night and stocking the products.  The Daily Fresh Food Delivery typically consisted of many crates filled with products such as fruit, milk cartons of  various sizes,

bottled drinks, creamer, salads, pizza, sandwiches and other items.

17.    Mr. Perez normally worked the night shift from 10 p.m. until 6 a.m, Mondays through Friday and sometimes worked additional shifts on the weekend.

18.    Mr. Perez took pride in his job and performed his job duties well.

19.    On or about April 2017, Mr. Perez began to experience severe pain in his neck, shoulders and left arm. The pain was accompanied by numbness and tingling.

20.    Mr. Perez told his then supervisor, Store Manager Karen Costello, that he was experiencing pain in his neck and shoulder when he worked and that he needed more assistance with the deliveries from his two coworkers.

21.    On or about July 21, 2017, Mr. Perez's physician diagnosed him with herniated discs on his spine.

22.    Although Mr. Perez was capable of performing his job duties, he experienced pain in his arm and neck when lifting the heavy crates from the Daily Fresh Food Delivery each night.

23.    On or about July 21, Mr. Perez requested a reasonable accommodation for his disability.

24.    To support his request, Mr. Perez provided Ms. Costello with a return to work form signed by his physician that indicated that he received medical treatment, needed light duty work and had limited mobility.

25.    Ms. Costello and Field Consultant John Teixeira told Mr. Perez they would get someone to assist him at work.

26.    Ms.  Costello and Mr. Teixeira never assigned anyone to help Mr. Perez lift heavy items.

4

27.    Defendant failed to engage Mr. Perez in the ADA's mandatory "interactive process."

28.    Defendant failed to accommodate Mr. Perez.  Defendant continued to make him lift heavy food crates that arrived at the store.

29.    Mr. Perez continued to work full duty, despite needing a light duty accommodation.

30.    He came up with a solution to the task of carrying heavy items, which consisted of placing crates one by one onto a wheeled dolly and rolling it to stock items.

31.    Another Sales Associate, Frank Marcoveccio who worked the same shift and was approximately seventy-two (72) years old, never lifted heavy objects. Upon information and belief, Mr. Marcoveccio was never disciplined for his failure to do so.

32.    On July 26, 2016,  Ms. Costello gave Mr. Perez a disciplinary write up for violating a company policy that prohibited employees from eating expired food— the same food that would be otherwise discarded—despite it being a common and widely condoned practice for employees at the store.  Upon information and belief, other employees regularly ate expired food and were not disciplined.

33.    This write up came just five (5) days after Mr. Perez's request for a reasonable accommodation.

34.    A few days later, Defendant transferred Mr. Perez to another store located at 383 Hempstead Turnpike, despite the fact that Mr. Perez had not been accused of any further wrongdoing and did not wish to be transferred.

35.    Store manager Kumara Jariatu became Mr. Perez's new supervisor.

36.     On August 3, 2017, the Daily Fresh Food Delivery arrived and the truck driver left approximately twelve (12) to (15) crates and pallets with goods in the walk-in refrigerator, which is at the back of the store.

37.     Mr. Perez was scheduled to work on August 3, which was a Mclane delivery night, and did so.  This demonstrates that 7-Eleven was not accommodating his disability.

38.     At approximately 12:30 or 1 a.m., during Mr. Perez's evening shift, a male Sales Associate approached Mr. Perez holding approximately three (3) or four (4) stacked crates of products from the Daily Fresh Food Delivery that he had taken from the walk-in refrigerator, which appeared to be heavy, and attempted to hand them to Mr. Perez.  The crates were filled with fruit salads of various sizes, sandwiches, yogurts and other items. The Sales Associate told Mr. Perez that Ms. Jariatu wanted him to give the crates to Mr. Perez and that Mr. Perez had to put everything away.  Mr. Perez directed the Sales Associate to place the crates down on the ground because he could not lift them.

37.      Mr. Perez found Ms. Jariatu in the back of the store and explained that he could not lift the crates—thereby asking for a reasonable accommodation for his disability. Mr. Perez told her that he had submitted a doctor's note to his previous store manager requesting light duty.   Ms. Jariatu denied knowledge of any doctor's note and demanded that he do what she asked. Mr. Perez explained he had to put things away at his pace because of his back and then he offered to go home and get the note.  Ms. Jariatu said she did not need to see the doctor's note and directed him to go home, which he did.

38.     On August 10, Defendant terminated Mr. Perez, just seven (7) days after he had spoken to Ms. Jariatu and requested a reasonable accommodation.

6

39.    Defendant's stated reasons for termination were Mr. Perez's inability to lift heavy objects and his alleged insubordination on August 3, 2017.

40.    Defendant's termination of Mr. Perez was retaliation for his reasonable accommodation request.

41.    Mr. Perez has suffered great financial loss as he is without a job or any Income.  He is currently in the process of being evicted from his apartment for non-payment.

42.    He has suffered emotional distress from the discrimination he endured due to Defendant's conduct

**FIRST CLAIM FOR RELIEF**
**Discrimination Based on Disability**
**in Violation of the American with Disabilities Act of 1990**
**(42 U.S.C. § 12112(a)) ("ADA")**

43.    Mr. Perez repeats and realleges the previous paragraphs as if fully set forth herein.

44.    At all times during his employment at 7-Eleven, Mr. Perez was fully qualified for his job.

45.    At all relevant times, Mr. Perez suffered from herniated discs in his back, which constitute a disability under the ADA because they were physical impairments that substantially limited one or more of his major life activities. Alternatively, Mr. Perez reasonably believed his medical condition constituted a disability within the meaning of the ADA.

46.    By the acts and practices described above, Defendant intentionally discriminated against Mr. Perez on the basis of his known or perceived disability by:

(a)     denying his request for a reasonable accommodation,

(b)    providing him with a disciplinary write up five (5) days after he

7

requested accommodation,

      (c)     transferring him to a different store, and

      (d)     terminating his employment after he once again requested an accommodation to his disability.

47.     Defendant knew its actions constituted disability discrimination, and/or willfully disregarded Mr. Perez's statutorily protected rights.

48.     Mr. Perez has suffered mental anguish, pain, suffering and monetary damages, including past and future lost wages  as a result of Defendant's discriminatory conduct.

49.     Defendant's unlawful conduct constitutes a malicious and/or recklessly indifferent, in violation of Mr. Perez's rights under the ADA and therefore entitles Mr. Perez to an award of punitive damages.

## SECOND CLAIM FOR RELIEF
### Retaliation in Violation of the American with Disabilities Act of 1990
### ( U.S.C. §12203(a)) ( "ADA")

50.     Mr. Perez repeats and realleges the previous paragraphs as if fully set forth herein.

51.     Mr. Perez's medical condition, including herniated discs in his back, constitute a disability within the meaning of the ADA because they were physical impairments that substantially limited one or more of his major life activities. Alternatively, Mr. Perez reasonably believed his medical condition constituted a disability within the meaning of the ADA.

52.     By the acts and practices described above, Defendant intentionally discriminated against Mr. Perez on the basis of his known or perceived disability by:

      (a)     denying his request for a reasonable accommodation,

      (b)     providing him with a disciplinary write up five (5) days after he requested

accommodation,

(c)     transferring him to a different store, and

(d)     terminating his employment after he once again requested an accommodation to his disability.

53.     Defendant gave Mr. Perez a disciplinary write up, transferred him to another store and terminated him in retaliation for requesting a reasonable accommodation to his known or perceived disability.

54.     Defendant knew its actions constituted disability discrimination, and/or willfully disregarded Mr. Perez's statutorily protected rights.

55.      Mr. Perez has suffered mental anguish, pain, suffering and monetary damages, including past and future lost wages as a result of Defendant's discriminatory conduct

56.     Defendant's unlawful conduct constitutes a malicious and/or recklessly indifferent, in violation of Mr. Perez's rights under the ADA and therefore entitles Mr. Perez to an award of punitive damages.

**THIRD CLAIM FOR RELIEF**
**Discrimination Based on Disability**
**In Violation of New York State Human Rights Law**
**(N.Y. Exec. Law § 296(1)(a), 296(6)) ("NYSHRL")**

57.     Mr. Perez repeats and realleges the previous paragraphs as if fully set forth herein.

58.     At all times during his employment at 7-Eleven, Mr. Perez was fully qualified for his position.

59.     At all relevant times, Mr. Perez suffered from herniated discs in his back, which constitute a disability under the NYSHRL because they were  physical or mental impairments resulting from anatomical or physiological conditions which prevented him from

the exercise of a normal bodily function and/or were demonstrable by medically accepted

clinical or laboratory techniques. Alternatively, Mr. Perez's medical condition was regarded by

Defendant to constitute a disability within the meaning of NYSHRL.

60.    By the acts and practices described above, Defendant intentionally

discriminated against Mr. Perez on the basis of his known or perceived disability by:

(a)    denying his request for a reasonable accommodation,

(b)    providing him with a disciplinary write up five (5) days after he

requested accommodation,

(c)    transferring him to a different store, and

(d)    terminating his employment after he once again requested an

accommodation to his disability.

61.    Mr. Perez's disability and/or perceived disability was a motivating factor

or substantial reason for Defendant's termination of his employment.

62.    Defendant knew its actions constituted disability discrimination, and/or

willfully disregarded Mr. Perez's statutorily protected rights.

63.    Mr. Perez has suffered mental anguish, pain, suffering and monetary

damages, including past and future lost wages as a result of Defendant's discriminatory conduct.

**FOURTH  CLAIM FOR RELIEF**
**Retaliation in Violation of New York State Human Rights Law**
**(N.Y. Exec. Law § 296(e)) ("NYSHRL")**

64.    Mr. Perez repeats and realleges the previous paragraphs as if fully set forth

herein.

65.    At all times during his employment at 7-Eleven, Mr. Perez was fully

qualified for his position.

66.    Mr. Perez's medical condition, including herniated discs in his back,

10

constitute a disability within the meaning of the NYSHRL because they were physical impairments that substantially limited one or more of his major life activities. Alternatively, Mr. Perez reasonably believed his medical condition constituted a disability within the meaning of the NYSHRL.

67.    By the acts and practices described above, Defendant intentionally discriminated against Mr. Perez on the basis of his known or perceived disability by:

(a)    denying his request for a reasonable accommodation,

(b)    providing him with a disciplinary write up five (5) days after he requested accommodation,

(c)    transferring him to a different store, and

(d)    terminating his employment after he once again requested an accommodation to his disability.

68.    Defendant gave Mr. Perez a disciplinary write up, transferred him to another store and terminated him in retaliation for requesting a reasonable accommodation to his known or perceived disability.

69.    Defendant knew its actions constituted disability discrimination, and/or willfully disregarded Mr. Perez's statutorily protected rights.

70.    Mr. Perez has suffered mental anguish, pain, suffering and monetary damages, including past and future lost wages as a result of Defendant's discriminatory conduct.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Perez respectfully requests that this Court enter judgment:

1.  Declaring that Defendant is liable for violations of the ADA and NYSHRL;

2.  Awarding Mr. Perez compensatory damages, including for past and future lost wages and emotional distress;

3. Awarding Mr. Perez punitive damages under the ADA;

4. Awarding Mr. Perez interest, all costs of this action, and reasonable attorneys' fees and disbursements incurred in connection with this action; and

5. Awarding Mr. Perez such other and further relief as the Court deems to be just and proper.

## **JURY DEMAND**

Mr. Perez hereby demands a trial by jury for all claims so triable.

Dated: New York, New York
December 17, 2018

YOURS,

/s/ Elissa S. Devins
BETH E. GOLDMAN, ESQ.
Elissa S. Devins, of Counsel
New York Legal Assistance Group
7 Hanover Square, 18th Floor
New York, New York 10004
(212) 613-5056
*Attorneys for Plaintiff*